UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JULIET MARX, by and through
her legal guardians, EMMETT
AND AMEDEE MARX,

                    Plaintiffs,

         v.

STATE OF WASHINGTON, et. al,

                    Defendants.

NO. CV-10-380-EFS

**PROTECTIVE ORDER REGARDING
MEDICAL AND MENTAL HEALTH
RECORDS**

        Before the Court, without oral argument, are the parties' Stipulation Re: Disclosure of Medical/Mental Health Records and Joint Request for Protective Order (ECF No. 16) and related Motion to Expedite (ECF No. 17).  The parties jointly ask the Court to enter a protective order, for the dual purpose of protecting the privacy of the individuals involved and facilitating timely and orderly discovery.  The Court finds good cause to waive Local Rule 7.1(h)(2)(a)'s time requirements, and hears the parties' stipulation on an expedited basis.  Based on the parties' stipulation, **IT IS HEREBY ORDERED**:

        1.  The parties' Stipulation Re: Disclosure of Medical/Mental Health Records and Joint Request for Protective Order **(ECF No. 16)** and related Motion to Expedite **(ECF No. 17)** are **GRANTED**.

ORDER * 1

2.  Production of all medical and mental health records shall be done in accordance with and subject to the following provisions:

a.  All medical and mental health records are, in accordance with state and federal law, confidential and private.  *See* RCW 70.02.010 *et. seq.* (medical records); RCW 71.05 *et. seq.* (mental health records); 45 C.F.R. § 164.502(a) (Health Information Portability and Accountability Act (HIPPA)).  These records include records created or maintained by Eastern State Hospital, the Department of Social and Health Services, the state of Washington, and any other health care or mental health care providers (hereinafter "private records").

b.  Unless the patient or his legal guardian consents, private records should not be disclosed except by Court order.  To obtain such order, the party seeking disclosure shall provide the affected party with notice and an opportunity to object, and then file a motion with the Court.  Unless otherwise ordered by the Court, the party seeking disclosure shall give at least fourteen (14) days notice to the affected party, and, if they are incapacitated, their legal guardian or other representative.  Such notice shall include a copy of this Order, a description of the records sought, and the time and place of hearing.

c.  Once disclosed (whether by consent or Court order), the private records and any information therein shall be used strictly for the purpose of preparing any claims or defenses in this litigation.  They shall not be disseminated in any form to any person or entity outside the law offices of Plaintiffs' or Defendants' counsel, expert witnesses employed to consult or testify in the case, or the magistrate judge

ORDER * 2

appointed as mediator.

d.   The name and any other personal identifiers pertaining to any other patient shall be redacted.

e.   Expert witnesses shall not disseminate the private records received (or any information contained therein) for any purpose other than consulting, formulating opinions, or preparing for testimony in the case and will return all copies of all received private records to the attorney that retained them immediately upon notification that the case has concluded.

f.   All private records shall be filed under seal in accordance with the Court's procedures.

g.   In accordance with RCW 71.05.390, the fact of admission as well as all records, files, evidence, findings, or orders made, prepared, collected or maintained pursuant to RCW 71.05 *et. seq.* shall not be admissible as evidence in this legal proceeding without the written consent of the person who was the subject of the proceeding under RCW 71.05.

h.   When the case concludes (and an order terminating review has been entered), any and all copies of private records of persons other than Juliet Marx shall be returned to counsel for Defendants to be disposed of and no copies of such private records, in any format shall be retained by Plaintiffs, Plaintiffs' counsel, or witnesses.

**IT IS SO ORDERED.**  The District Court Executive is hereby directed

/

ORDER * 3

to enter this Order and provide copies to counsel.

**DATED** this 25th day of March, 2011.


S/ Edward F. Shea
EDWARD F. SHEA
United States District Judge


Q:\Civil\2010\380.protective.order.wpd

ORDER * 4